UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AYISHA BENHAM, | ) | |
| Plaintiff, | ) | No. C-09-2059 SC |
| v. | ) | |
| AURORA LOAN SERVICES; BNC MORTGAGE INC.; ROBERT E. WEISS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; UNITED HOME MORTGAGE CORPORATION; ASAD ZAFARI; KEITH HOUSTEAD; and DOES 1-20, inclusive, | ) | ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE |
| Defendants. | ) | |

## I. **INTRODUCTION**

This matter comes before the Court on the Motion to Dismiss Plaintiff's First Amended Complaint and the Motion to Strike filed by Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). Docket Nos. 14 ("Mot. to Dismiss"), 16 ("Mot. to Strike").[1] Plaintiff Ayisha Benham ("Plaintiff" or "Benham") filed an Opposition to the Motion to Dismiss and the Motion to Strike. Docket No. 24 ("Opp'n"). MERS submitted replies. Docket Nos. 26, 27. For the following reasons, the Court GRANTS the Motion to Dismiss and DENIES the Motion to Strike.

---

[1] None of the other Defendants participated in MERS' motions to dismiss and strike.

## II. BACKGROUND

On August 2, 2006, Plaintiff received a mortgage loan for $430,000 from BNC Mortgage, Inc., secured by property located at 4350 Fran Way, Richmond, Contra Costa County, California. Request for Judicial Notice ("RJN") Ex. 1 ("Deed of Trust").[2] MERS is listed as the nominee for lender, and the beneficiary of the Deed of Trust. Id. On May 3, 2007, Robert E. Weiss, Inc. ("Weiss") became the trustee under the Deed of Trust. Id. Ex. 2 ("Substitution of Trustee").

On May 10, 2007, Weiss issued a Notice of Default and Election to Sell Under Deed of Trust. Id. Ex. 3 ("Notice of Default"). On August 16, 2007, Weiss issued a Notice of Trustee's Sale indicating that the property would be sold on September 14, 2007. Id. Ex. 4 ("Notice of Trustee's Sale"). On August 23, 2007, MERS assigned all beneficial interest under the Deed of Trust to Aurora Loan Services LLC ("Aurora"). Id. Ex. 5 ("Corporate Assignment of Deed of Trust").

---

[2] MERS submitted a request for judicial notice in support of the Motion to Dismiss. Docket No. 15. The request includes copies of the Deed of Trust, Substitution of Trustee, Notice of Default, Notice of Trustee's Sale, Corporate Assignment of Deed of Trust, Second Notice of Trustee's Sale, and Trustee's Deed Upon Sale. These documents were recorded in the Contra Costa County Recorder's Office. All of these items are public records and properly subject to judicial notice. See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005). The request also includes a copy of the docket of the Bankruptcy Court, Northern District of California, Bankruptcy Petition No. 07-42959. This is a matter of public record and not subject to reasonable dispute. The Court may take judicial notice of these documents without converting MERS' Motion to Dismiss into a motion for summary judgment because these documents form the basis of Plaintiff's claims. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). The Court GRANTS MERS' request for judicial notice.

2

On September 13, 2007, Plaintiff filed a Chapter 11 bankruptcy petition in the Oakland Division of the Bankruptcy Court for the Northern District of California. Id. Ex. 6 ("Bankruptcy Petition No. 07-42959"). On October 27, 2008, the Bankruptcy Court granted MERS' motion for relief from the stay on foreclosure proceedings. Id. Docket No. 70. On January 23, 2009, Weiss issued a new Notice of Trustee's Sale, and the property was sold to Aurora on February 20, 2009. Id. Ex. 7 ("Second Notice of Trustee's Sale"); Ex. 8 ("Trustee's Deed Upon Sale").

In her First Amended Complaint ("FAC"), Plaintiff raises a total of ten causes of action against seven defendants. FAC ¶¶ 51-130. MERS moves to be dismissed from the case. Mot. to Dismiss at 1. The Motion to Dismiss challenges only the causes of action that apply to MERS. See id. at 3-14.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court need not accept as true legal

3

conclusions couched as factual allegations. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 1949. With regard to well-pleaded factual allegations, the court should assume their truth, but a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007).

### B. Motion to Strike

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally regarded with disfavor. <u>Ganley v. County of San Mateo</u>, No. 06-3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

## IV. DISCUSSION

### A. Motion to Dismiss

#### 1. Rosenthal Fair Debt Collection Practices Act

Plaintiff's second cause of action alleges that MERS and other Defendants violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"), Cal. Civ. Code §§

4

1788 et seq. FAC ¶¶ 62-65. The law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the RFDCPA. See, e.g., Rosal v. First Federal Bank of California, No. 09-1276, 2009 WL 2136777, at (N.D. Cal. July 15, 2009)(dismissing RFDCPA claim as to all defendants in foreclosure case); Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009)(dismissing with prejudice plaintiff's unfair debt collection claims in foreclosure case); Pittman v. Barclays Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009)(dismissing with prejudice plaintiff's Rosenthal Act claim in foreclosure case); Gallegos v. Recontrust Co., No. 08-2245, 2009 WL 215406, at *3 (S.D. Cal. Jan. 28, 2009)(dismissing RFDCPA claim in foreclosure case). MERS makes this point in its motion, see Mot. to Dismiss at 4-5, but Plaintiff's Opposition does not address it. Instead, Plaintiff restates the allegations in the FAC that MERS engaged in debt collection conduct in violation of the RFDCPA. Opp'n at 11-12. Because foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the RFDCPA, the Court DISMISSES Plaintiff's second cause of action as to all Defendants without leave to amend.

### 2. Negligence

Plaintiff's third cause of action is for negligence. FAC ¶¶ 66-71. "The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal. App.

4th 1333, 1339 (Ct. App. 1998) (citation omitted). Plaintiff alleges that Defendants "breached their duty to Plaintiff by their failure to perform acts in such a manner as to not cause Plaintiff harm." FAC ¶ 69. She alleges that Defendants "failed to maintain the original mortgage note, failed to properly create original documents, and failed to make the required disclosures to the Plaintiff." Id. ¶ 69. She also alleges that "Defendants took payments to which they were not entitled, charged fees they were not entitled to charge and made or otherwise authorized reporting to various credit bureaus wrongfully." Id. ¶ 70.

Plaintiff's FAC does not indicate which of these allegations apply to MERS specifically. MERS should not be required to guess as to the manner in which its conduct was allegedly negligent. See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983) (in deciding a motion to dismiss, the court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").

In the Opposition, Plaintiff supplies more detail, but it does not help her case. She alleges that MERS breached its duty by substituting Weiss as a trustee, and by assigning the Note and the Deed of Trust to Aurora. Opp'n at 15. However, as the beneficiary under the Deed of Trust, it is clear that MERS had the authority to substitute Weiss as the trustee. See, e.g., Kachlon v. Markowitz, 168 Cal. App. 4th 316, 334 (Ct. App. 2008)("The beneficiary may make a substitution of trustee . . . to conduct

the foreclosure and sale."). MERS also had the authority to assign its beneficial interest under the Deed of Trust to Aurora, which occurred on August 23, 2007. See Cal. Civ. Code § 2934 ("Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons."). The Court is not persuaded that the substitution and assignment give rise to a cause of action for negligence against MERS. The Court DISMISSES Plaintiff's third cause of action as to MERS with leave to amend.

### 3. Fraud

Plaintiff's sixth cause of action alleges fraud against all Defendants. FAC ¶¶ 91-98. Allegations of fraud "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The plaintiff must include "the who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994). "[W]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." Ricon, 2009 WL 2407396, at *3 (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

Here, Plaintiff's sixth cause of action does not inform MERS

7

of the nature of its alleged participation in the fraud. In her Opposition, Plaintiff alleges that "the entire scheme of selling and transferring notes and deed, in which Defendant MERS plays a central role, was fraudulent." Opp'n at 17. Plaintiff goes on to argue, in broad terms, that Defendants sold Plaintiff's loan to financial entities who pooled the loans, put them into trusts, and sold securities based on them. Id.; FAC ¶¶ 18-21, 34-36. As a result, according to Plaintiff, Defendants and MERS are no longer entitled to enforce the security interest under the note and the deed of trust. Opp'n at 17-18; FAC ¶¶ 34, 36. Plaintiff has not explained how the activity of assigning mortgage loans to a trust pool gives rise to a fraud claim against MERS. Other courts in this district have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool. See, e.g., Hafiz v. Greenpoint Mortgage Funding, Inc., No. 09-1729, 2009 WL 2137393, at *2 (N.D. Cal. July 16, 2009). The Deed of Trust states that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Deed of Trust at 11. Furthermore, MERS is not even attempting to enforce the security interest because on August 23, 2007, MERS assigned its beneficial interest under the Deed of Trust to Aurora. The Court DISMISSES Plaintiff's fraud cause of action as to MERS with leave to amend.

**4. Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's ninth cause of action alleges that all Defendants

8

breached the implied covenant of good faith and fair dealing. FAC ¶¶ 110-118. The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. Foley v. Interactive Data Corp. 47 Cal. 3d 654, 683-84 (1988). The covenant is implied as "a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1153 (Ct. App. 1990)(emphasis in original).

Here, Plaintiff does not allege a contract between Plaintiff and MERS, and Plaintiff does not allege that MERS breached the contract. Id. ¶¶ 104-109. Even if Plaintiff had made these allegations, the FAC still does not provide MERS with fair notice of how it, as opposed to the other Defendants, breached the implied covenant of good faith and fair dealing. Plaintiff alleges Defendants breached the implied covenant by:

> a. Failing to put as much consideration to Plaintiff's interests as to Defendants [sic] interests;
> b. Initiating foreclosure proceedings on the property despite not having the right to do so and failure to comply with California law;
> c. Failing to give proper notice before commencing foreclosure;
> d. Sending deceptive letters to Plaintiff advising Plaintiff of her ability to short sale her property when Defendant had no intention to act.

Id. ¶¶ 114. While it is not clear which of these allegations apply specifically to MERS, Plaintiff seems to be alleging that MERS breached the implied covenant by participating in the

9

foreclosure of her property.  However, MERS held legal title to the interests granted by Plaintiff in the Deed of Trust, and had the right to foreclose and sell the property if Plaintiff defaulted on her loan.  See Deed of Trust at 3.  The covenant of good faith and fair dealing cannot "be read to prohibit a party from doing that which is expressly permitted by an agreement." Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 374 (1992).  The Court DISMISSES Plaintiff's ninth cause of action against MERS with leave to amend.

### 5. Unfair Business Practices

Plaintiff's seventh cause of action alleges that all Defendants have violated California Business and Professions Code sections 17200 et seq., which prohibits any unlawful, unfair or fraudulent business act or practice.  FAC ¶¶ 99-103.  This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation."  Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (Ct. App. 1993).

Here, the Court has already dismissed Plaintiff's causes of action for violation of the Rosenthal Act, fraud, negligence, and breach of the implied covenant of good faith and fair dealing.  In her Opposition, Plaintiff further alleges that MERS is not entitled to transact business in California.  Opp'n at 20.  The Court is not persuaded.  See Lomboy v. SCME Mortgage Bankers, No. 09-1160, 2009 WL 1457738, at *3 (N.D. Cal. May 26, 2009)(noting that MERS may be exempt from statutory registration requirement).

10

The Court has also rejected Plaintiff's arguments that MERS did not have the authority to substitute Weiss as the trustee under the Deed of Trust, or to assign its beneficial interest under the Deed of Trust. See Section IV.A.2, supra. The Court DISMISSES the Unfair Business Practices claim against MERS with leave to amend.

**B.    MOTION TO STRIKE**

MERS moves to strike Plaintiff's references to punitive damages in paragraphs 98 and 117 the FAC, and in paragraph 7 of the Prayer for Relief. Mot. to Strike at 2. California Civil Code Section 3294 provides that in an action "for breach of an obligation not arising from contract," a plaintiff may seek punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a).

Here, the Court has focused on the claims asserted in the FAC against MERS. Other than dismissing Plaintiff's claim for violation of the Rosenthal Act against all Defendants, the Court has taken no action with respect to Plaintiff's claims against the other Defendants. Plaintiff alleges that all of the Defendants, not just MERS, engaged in fraud. See FAC ¶¶ 91-98. While punitive damages are not available in California for an action based solely upon breach of a contractual obligation, if the action is also in tort, exemplary damages may be recovered upon a proper showing of malice, fraud or oppression. Miller v. Nat'l Am. Life Ins. Co., 54 Cal. App. 3d 331, 336 (Ct. App. 1976). At this early stage of the proceedings, the Court cannot determine

11

that Plaintiff is not entitled to punitive damages against one or more of the Defendants. The Court DENIES MERS' Motion to Strike.

## V. CONCLUSION

For the reasons stated above, the Court DISMISSES the claim for violation of the Rosenthal Act WITHOUT LEAVE TO AMEND as to all Defendants. The Court DISMISSES the claims for negligence, fraud, breach of the implied covenant of good faith and fair dealing, and unfair business practices WITH LEAVE TO AMEND as to Defendant Mortgage Electronic Registration Systems, Inc. The Court DENIES the Motion to Strike filed by Mortgage Electronic Registration Systems, Inc. The Court directs Plaintiff's attorney not to file an Amended Complaint until after the Court has ruled on Aurora's Motion to Dismiss, which is scheduled to be heard by the Court on September 25, 2009.

IT IS SO ORDERED.

September 1, 2009

_____

UNITED STATES DISTRICT JUDGE