**United States District Court**
For the Northern District of California

1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7  AYISHA BENHAM,                      )
                                       )
8              Plaintiff,              )   No. C-09-2059 SC
                                       )
9     v.                               )
                                       )   ORDER GRANTING MOTION
10 AURORA LOAN SERVICES; BNC           )   TO DISMISS AND
   MORTGAGE INC.; ROBERT E. WEISS,     )   DENYING MOTION TO
11 INC.;  MORTGAGE ELECTRONIC          )   STRIKE
   REGISTRATION SYSTEMS, INC.; UNITED  )
12 HOME MORTGAGE CORPORATION; ASAD     )
   ZAFARI; KEITH HOUSTEAD; and DOES    )
13 1-20, inclusive,                    )
                                       )
14             Defendants.             )
                                       )
15 _____    )

16

17 **I.    INTRODUCTION**

18       This matter comes before the Court on the Motion to Dismiss

19 Plaintiff's First Amended Complaint and the Motion to Strike filed

20 by Defendant Mortgage Electronic Registration Systems, Inc.

21 ("MERS").  Docket Nos. 14 ("Mot. to Dismiss"), 16 ("Mot. to

22 Strike").[1]  Plaintiff Ayisha Benham ("Plaintiff" or "Benham")

23 filed an Opposition to the Motion to Dismiss and the Motion to

24 Strike.  Docket No. 24 ("Opp'n").  MERS submitted replies.  Docket

25 Nos. 26, 27.  For the following reasons, the Court GRANTS the

26 Motion to Dismiss and DENIES the Motion to Strike.

27 _____

28       [1] None of the other Defendants participated in MERS' motions
   to dismiss and strike.

1    **II.    BACKGROUND**

2        On August 2, 2006, Plaintiff received a mortgage loan for

3    $430,000 from BNC Mortgage, Inc., secured by property located at

4    4350 Fran Way, Richmond, Contra Costa County, California.  Request

5    for Judicial Notice ("RJN") Ex. 1 ("Deed of Trust").[2]  MERS is

6    listed as the nominee for lender, and the beneficiary of the Deed

7    of Trust.  <u>Id.</u>  On May 3, 2007, Robert E. Weiss, Inc. ("Weiss")

8    became the trustee under the Deed of Trust.  <u>Id.</u> Ex. 2

9    ("Substitution of Trustee").

10        On May 10, 2007, Weiss issued a Notice of Default and

11    Election to Sell Under Deed of Trust.  <u>Id.</u> Ex. 3 ("Notice of

12    Default").  On August 16, 2007, Weiss issued a Notice of Trustee's

13    Sale indicating that the property would be sold on September 14,

14    2007.  <u>Id.</u> Ex. 4 ("Notice of Trustee's Sale").  On August 23,

15    2007, MERS assigned all beneficial interest under the Deed of

16    Trust to Aurora Loan Services LLC ("Aurora").  <u>Id.</u> Ex. 5

17    ("Corporate Assignment of Deed of Trust").

18

19       [2] MERS submitted a request for judicial notice in support of
the Motion to Dismiss.  Docket No. 15.  The request includes copies

20 of the Deed of Trust, Substitution of Trustee, Notice of Default,
Notice of Trustee's Sale, Corporate Assignment of Deed of Trust,

21 Second Notice of Trustee's Sale, and Trustee's Deed Upon Sale.
These documents were recorded in the Contra Costa County Recorder's

22 Office.  All of these items are public records and properly subject
to judicial notice.  <u>See</u> <u>Hotel Employees & Rest. Employees Local 2</u>

23 <u>v. Vista Inn Mgmt. Co.</u>, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005).
The request also includes a copy of the docket of the Bankruptcy

24 Court, Northern District of California, Bankruptcy Petition No. 07-
42959.  This is a matter of public record and not subject to

25 reasonable dispute.  The Court may take judicial notice of these
documents without converting MERS' Motion to Dismiss into a motion

26 for summary judgment because these documents form the basis of
Plaintiff's claims.  <u>See</u> <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th

27 Cir. 2005); <u>United States v. Ritchie</u>, 342 F.3d 903, 907 (9th Cir.
2003).  The Court GRANTS MERS' request for judicial notice.

28 2

United States District Court
For the Northern District of California

1      On September 13, 2007, Plaintiff filed a Chapter 11

2   bankruptcy petition in the Oakland Division of the Bankruptcy

3   Court for the Northern District of California.  Id. Ex. 6

4   ("Bankruptcy Petition No. 07-42959").  On October 27, 2008, the

5   Bankruptcy Court granted MERS' motion for relief from the stay on

6   foreclosure proceedings.  Id. Docket No. 70.  On January 23, 2009,

7   Weiss issued a new Notice of Trustee's Sale, and the property was

8   sold to Aurora on February 20, 2009.  Id. Ex. 7 ("Second Notice of

9   Trustee's Sale"); Ex. 8 ("Trustee's Deed Upon Sale").

10      In her First Amended Complaint ("FAC"), Plaintiff raises a

11  total of ten causes of action against seven defendants.  FAC ¶¶

12  51-130.  MERS moves to be dismissed from the case.  Mot. to

13  Dismiss at 1.  The Motion to Dismiss challenges only the causes of

14  action that apply to MERS.  See id. at 3-14.

15

16  **III.  LEGAL STANDARD**

17      **A.    Motion to Dismiss**

18      A motion to dismiss under Federal Rule of Civil Procedure

19  12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

20  Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based

21  on the lack of a cognizable legal theory or the absence of

22  sufficient facts alleged under a cognizable legal theory.

23  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

24  1990).  Allegations of material fact are taken as true and

25  construed in the light most favorable to the nonmoving party.

26  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.

27  1996).  However, the court need not accept as true legal

28
                                3

**United States District Court**
For the Northern District of California

1   conclusions couched as factual allegations.  <u>Ashcroft v. Iqbal</u>,

2   129 S.Ct. 1937, 1949-50 (2009).  "Threadbare recitals of the

3   elements of a cause of action, supported by mere conclusory

4   statements, do not suffice."  <u>Id.</u> at 1949.  With regard to well-

5   pleaded factual allegations, the court should assume their truth,

6   but a motion to dismiss should be granted if the plaintiff fails

7   to proffer "enough facts to state a claim for relief that is

8   plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

9   547 (2007).

10          **B.    <u>Motion to Strike</u>**

11          Rule 12(f) provides that "[t]he court may strike from a

12   pleading an insufficient defense or any redundant, immaterial,

13   impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

14   Motions to strike are generally regarded with disfavor.  <u>Ganley v.</u>

15   <u>County of San Mateo</u>, No. 06-3923, 2007 WL 902551, at *1 (N.D. Cal.

16   Mar. 22, 2007).  The essential function of a Rule 12(f) motion is

17   to "avoid the expenditure of time and money that must arise from

18   litigating spurious issues by dispensing with those issues prior

19   to trial."  <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th

20   Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

21

22   **IV.  <u>DISCUSSION</u>**

23          **A.    <u>Motion to Dismiss</u>**

24                 **1.    Rosenthal Fair Debt Collection Practices Act**

25          Plaintiff's second cause of action alleges that MERS and

26   other Defendants violated the Rosenthal Fair Debt Collection

27   Practices Act ("RFDCPA" or "Rosenthal Act"), Cal. Civ. Code §§

28                                          4

United States District Court

For the Northern District of California

1    1788 et seq.  FAC ¶¶ 62-65.  The law is clear that foreclosing on

2    a deed of trust does not invoke the statutory protections of the

3    RFDCPA.  See, e.g., Rosal v. First Federal Bank of California, No.

4    09-1276, 2009 WL 2136777, at (N.D. Cal. July 15, 2009)(dismissing

5    RFDCPA claim as to all defendants in foreclosure case); Ricon v.

6    Recontrust Co., No. 09-937, 2009 WL 2407396, at *4 (S.D. Cal. Aug.

7    4, 2009)(dismissing with prejudice plaintiff's unfair debt

8    collection claims in foreclosure case); Pittman v. Barclays

9    Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3

10   (S.D. Cal. Apr. 24, 2009)(dismissing with prejudice plaintiff's

11   Rosenthal Act claim in foreclosure case); Gallegos v. Recontrust

12   Co., No. 08-2245, 2009 WL 215406, at *3 (S.D. Cal. Jan. 28,

13   2009)(dismissing RFDCPA claim in foreclosure case).  MERS makes

14   this point in its motion, see Mot. to Dismiss at 4-5, but

15   Plaintiff's Opposition does not address it.  Instead, Plaintiff

16   restates the allegations in the FAC that MERS engaged in debt

17   collection conduct in violation of the RFDCPA.  Opp'n at 11-12.

18   Because foreclosing on a property pursuant to a deed of trust is

19   not the collection of a debt within the meaning of the RFDCPA, the

20   Court DISMISSES Plaintiff's second cause of action as to all

21   Defendants without leave to amend.

22              **2.   Negligence**

23       Plaintiff's third cause of action is for negligence.  FAC ¶¶

24   66-71.  "The elements of a cause of action for negligence are (1)

25   a legal duty to use reasonable care, (2) breach of that duty, and

26   (3) proximate [or legal] cause between the breach and (4) the

27   plaintiff's injury."  Mendoza v. City of Los Angeles, 66 Cal. App.

28                                    5

4th 1333, 1339 (Ct. App. 1998) (citation omitted).  Plaintiff

alleges that Defendants "breached their duty to Plaintiff by their

failure to perform acts in such a manner as to not cause Plaintiff

harm."  FAC ¶ 69.  She alleges that Defendants "failed to maintain

the original mortgage note, failed to properly create original

documents, and failed to make the required disclosures to the

Plaintiff."  Id. ¶ 69.  She also alleges that "Defendants took

payments to which they were not entitled, charged fees they were

not entitled to charge and made or otherwise authorized reporting

to various credit bureaus wrongfully."  Id. ¶ 70.

Plaintiff's FAC does not indicate which of these allegations

apply to MERS specifically.  MERS should not be required to guess

as to the manner in which its conduct was allegedly negligent.

See Associated Gen. Contractors of Cal., Inc. v. Cal. State

Council of Carpenters, 459 U.S. 519, 526 (1983) (in deciding a

motion to dismiss, the court must not "assume that the [plaintiff]

can prove facts that it has not alleged or that the defendants

have violated the . . . laws in ways that have not been

alleged.").

In the Opposition, Plaintiff supplies more detail, but it

does not help her case.  She alleges that MERS breached its duty

by substituting Weiss as a trustee, and by assigning the Note and

the Deed of Trust to Aurora.  Opp'n at 15.  However, as the

beneficiary under the Deed of Trust, it is clear that MERS had the

authority to substitute Weiss as the trustee.  See, e.g., Kachlon

v. Markowitz, 168 Cal. App. 4th 316, 334 (Ct. App. 2008)("The

beneficiary may make a substitution of trustee . . . to conduct

**United States District Court**
For the Northern District of California

1   the foreclosure and sale.").   MERS also had the authority to

2   assign its beneficial interest under the Deed of Trust to Aurora,

3   which occurred on August 23, 2007.   See Cal. Civ. Code § 2934

4   ("Any assignment of a mortgage and any assignment of the

5   beneficial interest under a deed of trust may be recorded, and

6   from the time the same is filed for record operates as

7   constructive notice of the contents thereof to all persons.").

8   The Court is not persuaded that the substitution and assignment

9   give rise to a cause of action for negligence against MERS.   The

10   Court DISMISSES Plaintiff's third cause of action as to MERS with

11   leave to amend.

12          **3.   Fraud**

13       Plaintiff's sixth cause of action alleges fraud against all

14   Defendants.   FAC ¶¶ 91-98.   Allegations of fraud "must state with

15   particularity the circumstances constituting fraud . . . ."   Fed.

16   R. Civ. P. 9(b).   The plaintiff must include "the who, what, when,

17   where, and how" of the fraud.   Vess v. Ciba-Geigy Corp. USA, 317

18   F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).   "The

19   plaintiff must set forth what is false or misleading about a

20   statement, and why it is false."   Decker v. Glenfed, Inc. (In re

21   GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994).

22   "[W]here multiple defendants are asked to respond to allegations

23   of fraud, the complaint must inform each defendant of his alleged

24   participation in the fraud."   Ricon, 2009 WL 2407396, at *3

25   (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242,

26   1247 (2d Cir. 1987)).

27       Here, Plaintiff's sixth cause of action does not inform MERS

28                                  7

**United States District Court**
For the Northern District of California

1    of the nature of its alleged participation in the fraud.  In her

2    Opposition, Plaintiff alleges that "the entire scheme of selling

3    and transferring notes and deed, in which Defendant MERS plays a

4    central role, was fraudulent."  Opp'n at 17.  Plaintiff goes on to

5    argue, in broad terms, that Defendants sold Plaintiff's loan to

6    financial entities who pooled the loans, put them into trusts, and

7    sold securities based on them.  Id.; FAC ¶¶ 18-21, 34-36.  As a

8    result, according to Plaintiff, Defendants and MERS are no longer

9    entitled to enforce the security interest under the note and the

10   deed of trust.  Opp'n at 17-18; FAC ¶¶ 34, 36.  Plaintiff has not

11   explained how the activity of assigning mortgage loans to a trust

12   pool gives rise to a fraud claim against MERS.  Other courts in

13   this district have summarily rejected the argument that companies

14   like MERS lose their power of sale pursuant to the deed of trust

15   when the original promissory note is assigned to a trust pool.

16   See, e.g., Hafiz v. Greenpoint Mortgage Funding, Inc., No. 09-

17   1729, 2009 WL 2137393, at *2 (N.D. Cal. July 16, 2009).  The Deed

18   of Trust states that "[t]he Note or a partial interest in the Note

19   (together with this Security Instrument) can be sold one or more

20   times without prior notice to Borrower."  Deed of Trust at 11.

21   Furthermore, MERS is not even attempting to enforce the security

22   interest because on August 23, 2007, MERS assigned its beneficial

23   interest under the Deed of Trust to Aurora.  The Court DISMISSES

24   Plaintiff's fraud cause of action as to MERS with leave to amend.

25           **4.     Breach of the Implied Covenant of Good Faith and
                     Fair Dealing**

26

27       Plaintiff's ninth cause of action alleges that all Defendants

28

**United States District Court**
For the Northern District of California

1  breached the implied covenant of good faith and fair dealing.  FAC

2  ¶¶ 110-118.  The implied covenant of good faith and fair dealing

3  rests upon the existence of some specific contractual obligation.

4  <u>Foley v. Interactive Data Corp.</u> 47 Cal. 3d 654, 683-84 (1988).

5  The covenant is implied as "a *supplement* to the express

6  contractual covenants, to prevent a contracting party from

7  engaging in conduct which (while not technically transgressing the

8  express covenants) frustrates the other party's rights to the

9  benefits of the contract."  <u>Love v. Fire Ins. Exchange</u>, 221 Cal.

10  App. 3d 1136, 1153 (Ct. App. 1990)(emphasis in original).

11      Here, Plaintiff does not allege a contract between Plaintiff

12  and MERS, and Plaintiff does not allege that MERS breached the

13  contract.  <u>Id.</u> ¶¶ 104-109.  Even if Plaintiff had made these

14  allegations, the FAC still does not provide MERS with fair notice

15  of how it, as opposed to the other Defendants, breached the

16  implied covenant of good faith and fair dealing.  Plaintiff

17  alleges Defendants breached the implied covenant by:

18          a.  Failing to put as much consideration to
            Plaintiff's interests as to Defendants [<u>sic</u>]
19          interests;
            b.  Initiating foreclosure proceedings on the
20          property despite not having the right to do so
            and failure to comply with California law;
21          c. Failing to give proper notice before
            commencing foreclosure;
22          d. Sending deceptive letters to Plaintiff
            advising Plaintiff of her ability to short
23          sale her property when Defendant had no
            intention to act.

24

25  <u>Id.</u> ¶¶ 114.  While it is not clear which of these allegations

26  apply specifically to MERS, Plaintiff seems to be alleging that

27  MERS breached the implied covenant by participating in the

28
                                    9

1  foreclosure of her property. However, MERS held legal title to

2  the interests granted by Plaintiff in the Deed of Trust, and had

3  the right to foreclose and sell the property if Plaintiff

4  defaulted on her loan. See Deed of Trust at 3. The covenant of

5  good faith and fair dealing cannot "be read to prohibit a party

6  from doing that which is expressly permitted by an agreement."

7  Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal.

8  4th 342, 374 (1992). The Court DISMISSES Plaintiff's ninth cause

9  of action against MERS with leave to amend.

10           **5.    Unfair Business Practices**

11       Plaintiff's seventh cause of action alleges that all

12  Defendants have violated California Business and Professions Code

13  sections 17200 et seq., which prohibits any unlawful, unfair or

14  fraudulent business act or practice. FAC ¶¶ 99-103. This cause

15  of action is derivative of some other illegal conduct or fraud

16  committed by a defendant, and "[a] plaintiff must state with

17  reasonable particularity the facts supporting the statutory

18  elements of the violation." Khoury v. Maly's of California, Inc.,

19  14 Cal. App. 4th 612, 619 (Ct. App. 1993).

20       Here, the Court has already dismissed Plaintiff's causes of

21  action for violation of the Rosenthal Act, fraud, negligence, and

22  breach of the implied covenant of good faith and fair dealing. In

23  her Opposition, Plaintiff further alleges that MERS is not

24  entitled to transact business in California. Opp'n at 20. The

25  Court is not persuaded. See Lomboy v. SCME Mortgage Bankers, No.

26  09-1160, 2009 WL 1457738, at *3 (N.D. Cal. May 26, 2009)(noting

27  that MERS may be exempt from statutory registration requirement).

28                          10

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   The Court has also rejected Plaintiff's arguments that MERS did

2   not have the authority to substitute Weiss as the trustee under

3   the Deed of Trust, or to assign its beneficial interest under the

4   Deed of Trust.  See Section IV.A.2, supra.  The Court DISMISSES

5   the Unfair Business Practices claim against MERS with leave to

6   amend.

7       **B.**   **MOTION TO STRIKE**

8       MERS moves to strike Plaintiff's references to punitive

9   damages in paragraphs 98 and 117 the FAC, and in paragraph 7 of

10  the Prayer for Relief.  Mot. to Strike at 2.  California Civil

11  Code Section 3294 provides that in an action "for breach of an

12  obligation not arising from contract," a plaintiff may seek

13  punitive damages "where it is proven by clear and convincing

14  evidence that the defendant has been guilty of oppression, fraud,

15  or malice."  Cal. Civ. Code § 3294(a).

16      Here, the Court has focused on the claims asserted in the FAC

17  against MERS.  Other than dismissing Plaintiff's claim for

18  violation of the Rosenthal Act against all Defendants, the Court

19  has taken no action with respect to Plaintiff's claims against the

20  other Defendants.  Plaintiff alleges that all of the Defendants,

21  not just MERS, engaged in fraud.  See FAC ¶¶ 91-98.  While

22  punitive damages are not available in California for an action

23  based solely upon breach of a contractual obligation, if the

24  action is also in tort, exemplary damages may be recovered upon a

25  proper showing of malice, fraud or oppression.  Miller v. Nat'l

26  Am. Life Ins. Co., 54 Cal. App. 3d 331, 336 (Ct. App. 1976).  At

27  this early stage of the proceedings, the Court cannot determine

28

1  that Plaintiff is not entitled to punitive damages against one or

2  more of the Defendants.  The Court DENIES MERS' Motion to Strike.

3

4  **V.    CONCLUSION**

5       For the reasons stated above, the Court DISMISSES the claim

6  for violation of the Rosenthal Act WITHOUT LEAVE TO AMEND as to

7  all Defendants.  The Court DISMISSES the claims for negligence,

8  fraud, breach of the implied covenant of good faith and fair

9  dealing, and unfair business practices WITH LEAVE TO AMEND as to

10  Defendant Mortgage Electronic Registration Systems, Inc.  The

11  Court DENIES the Motion to Strike filed by Mortgage Electronic

12  Registration Systems, Inc.  The Court directs Plaintiff's attorney

13  not to file an Amended Complaint until after the Court has ruled

14  on Aurora's Motion to Dismiss, which is scheduled to be heard by

15  the Court on September 25, 2009.

16

17       IT IS SO ORDERED.

18

19       September 1, 2009

20       _____

21                         UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28                              12