IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYISHA BENHAM, | ) Case No. 09-2059 SC |
| | ) |
| Plaintiff, | ) ORDER GRANTING MOTIONS TO |
| v. | ) DISMISS |
| AURORA LOAN SERVICES; BNC MORTGAGE INC.; ROBERT E. WEISS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; UNITED HOME MORTGAGE CORPORATION; ASAD ZAFARI; KEITH HOUSTEAD; and DOES 1-20, inclusive, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## I.    INTRODUCTION

This Court now considers a second round of motions to dismiss and motions to strike brought by Defendants Aurora Loan Services ("Aurora") and Mortgage Electronic Registration Systems, Inc. ("MERS;" collectively "Defendants")).[1]  Docket Nos. 44 ("MERS MTD"), 45 ("MERS MTS"), 47 ("Aurora MTD"), 48 ("Aurora MTS").  This Court previously granted Defendants' motions to dismiss the claims brought against them by Plaintiff Ayisha Benham ("Plaintiff").  Docket Nos. 31 ("Sept. 1, 2009 Order"), 35 ("Sept. 30, 2009 Order").

Plaintiff submitted a Second Amended Complaint after this Court dismissed all claims against MERS and Aurora.  Docket No. 40

---

[1] No other named defendants have participated in these motions.

("SAC").  MERS brought its latest motions on November 10, 2009, and Aurora brought its motions on November 19, 2009.  Both Defendants received hearing dates of January 22, 2010.  The deadline for Plaintiff to respond therefore passed on January 1.  Civ. L.R. 7-3(a).  Plaintiff submitted no opposition to Aurora's motions.  Having considered the unopposed motions submitted by Aurora, the Court concludes that dismissal of all claims against Aurora is appropriate, and hereby GRANTS Aurora's Motion to Dismiss.  This is the second dismissal of the claims against Aurora.  All causes of action in the SAC are therefore DISMISSED WITH PREJUDICE as to Aurora.  Aurora's Motion to Strike is DENIED as moot.

Plaintiff did not file an Opposition to MERS' motions until January 12, 2010, nearly two weeks after her deadline, and after the deadline for MERS to submit a Reply.  Docket Nos. 53 ("Opp'n re MERS MTS"), 54 ("Opp'n re MERS MTD"); see Civ. L.R. 7-3(b).  Plaintiff proffered no explanation for this late filing.  This Court need not consider Plaintiff's late-filed opposition papers, and having considered the papers submitted by MERS, it GRANTS MERS' Motion to Dismiss.  As discussed below, even if this Court were to consider Plaintiff's Opposition, it would not change the outcome of this determination.  This is the second dismissal of the claims against MERS.  All causes of action in the SAC are therefore DISMISSED WITH PREJUDICE as to MERS.  MERS' Motion to Strike is DENIED as moot.

**II. DISCUSSION**

This Court has set out both the relevant background for this dispute, and the applicable legal standards governing motions to

2

dismiss, in its prior orders. See Sept. 1, 2009 Order at 2-4; Sept. 30, 2009 Order at 2-5. The Court now restricts its discussion solely to the causes of action asserted against MERS, which Plaintiff sought to support in her belatedly submitted Opposition. As Aurora's Motion to Dismiss is unopposed, this Court does not provide additional discussion of the causes of action asserted against Aurora.

### A. Negligence

Plaintiff alleges that MERS was negligent in the following way:

> Defendant MERS owed Plaintiff a duty to perform its administrative function[s] [of] recording, maintaining and transferring documents as it relates to Plaintiff's loan in a manner not to cause Plaintiff harm. Defendant MERS' actions directly targeted the Plaintiff and the harm to Plaintiff was foreseeable by Defendant MERS. When this loan was initiated, harm to the Plaintiff was a certainty and directly connected to Defendant MERS' concealment of the loan transfers. Defendant MERS breached its duty to Plaintiff when it failed to receive, maintain or transfer the negotiable instrument related to Plaintiff's loan, communicated false information to others regarding Plaintiff's loan, and authorized others to collect payments on Plaintiff's mortgage and commence foreclosure proceedings.

SAC ¶ 104.

This Court is not persuaded that MERS owed a duty to Plaintiff as a mortgagee. See Hardy v Indymac Federal Bank, -- F.R.D. -- , No. 09-935, 2009 U.S. Dist. LEXIS 84566, *19-20 (E.D. Cal. Sept. 15, 2009) ("MERS, as nominee beneficiary, is more similar to the lending institution or trustee than mortgage broker. Accordingly, absent an assumption of duty or special relationship, MERS owed no duty of care to [the mortgagee]."). Even assuming, arguendo, that

3

such a duty existed, this Court is not persuaded that MERS violated that duty.  As beneficiary under the Deed of Trust, MERS was free to make a substitution of the trustee in order to conduct the foreclosure sale.  See Cal. Civ. Code §§ 2934a, 2924b(b)(4); Kachlon v. Markowitz, 168 Cal. App. 4th 316, 334 (Ct. App. 2008).

Plaintiff claims that MERS "breached its duty to Plaintiff when it failed to receive, maintain or transfer the negotiable instrument related to Plaintiff's loan . . . ."  SAC ¶ 104.  In her Opposition, Plaintiff explains that this alleged breach occurred when "MERS failed to follow the basic legal requirements for the transfer of a negotiable instrument and an interest in real property, including, failing to obtain written assignments of the note and deed of trust, delivery of the note and deed of trust, or endorsements of the note by the owner of the note."  Opp'n re MERS MTD at 10-11.  In particular, Plaintiff alleges that MERS failed to comply with California Corporations Code section 191(c)(7) and California Commercial Code sections 1201(21), 3301, and 3309.

Plaintiff's claims with respect to California Corporation's code section 191(c)(7)[2] relate to Plaintiff's repeated allegations, throughout the SAC and Opposition, that MERS is not registered to do business in California.  The Court has already rejected this argument in this case.  See Sept. 1, 2009 Order at 10-11.  Plaintiff is now alleging that MERS violated the law by exceeding the scope of an exception to California's registration requirements, embodied by section 191(c)(7).  Assuming that this is

---

[2] Section 191(c)(7) creates an exception to the definition of "intrastate business," such that foreign corporations need not register with the California Secretary of State to "[c]reat[e] evidences of debt or mortgages, liens or security interests on real or personal property."  Cal. Corp. Code § 191(c)(7).

4

true, Plaintiff completely fails to explain how this violation actually caused Plaintiff harm.  The SAC does nothing to suggest that Plaintiff would not have suffered a foreclosure if MERS had been registered with the California Secretary of State, or had not participated in the transactions leading up to the foreclosure. Plaintiff does not explain how MERS' alleged failure contributed to any harm that she suffered.  This allegation fails as a claim for negligence.

Plaintiff's allegations with respect to sections 1201(21), 3301, and 3309 of the California Commercial Code relate to Plaintiff's repeated arguments that only an entity in possession of a promissory note ("a holder in due course") has a right to enforce that promissory note.  See, e.g., SAC ¶ 14.  This argument is legally incorrect.  Sections 3301 and 3309 do limit the right to enforce most negotiable instruments to the note holder.[3]  Cal. Com. Code § 3301, 3309.  However, these general statutes do not govern nonjudicial foreclosure sales.  As a California Court of Appeal has explained:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive.  It includes a myriad of rules relating to notice and right to cure.  It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

Moeller v. Lien, 25 Cal. App. 4th 822, 834 (Ct. App. 1994).

Contemporary case law addressing this issue is clear: "Under Civil Code section 2924, no party needs to physically possess the

---

[3] Section 1201(21) simply defines "holder."  Cal. Com. Code § 1201(21).

5

promissory note." <u>Sicairos v. NDEX West, LLC</u>, 2009 U.S. Dist. LEXIS 11223, *(S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)); <u>see also</u> <u>Coyotzi</u>, 2009 U.S. Dist. LEXIS 91084 at *53-54 (same); <u>Lomboy v. SCME Mortgage Bankers</u>, No. 09-1160, 2009 U.S. Dist. LEXIS 44158, * 12-13 (N.D. Cal. May 26, 2009) ("Under California law, a trustee need not possess a note in order to initiate foreclosure under a deed of trust."). This argument therefore fails as a claim for negligence. Once the SAC is stripped from its incorrect legal conclusions regarding the power of the various defendants to foreclose upon Plaintiff's property, it is not clear how MERS could have negligently harmed Plaintiff by "communicat[ing] false information to others regarding Plaintiff's loan" or "authoriz[ing] others to collect payments on Plaintiff's mortgage and commence foreclosure proceedings."

 Plaintiff also suggests that MERS had no capacity to assert or transfer any rights in this case, because it is governed by the "MERS Terms and Conditions." SAC ¶ 13. Plaintiff provides no context whatsoever for this legal conclusion. She does not explain what the "MERS Terms and Conditions" are, whether they represent a binding contract or with whom, how they apply to her transaction, or whether she has standing to assert them against MERS. Plaintiff simply quotes a portion of the language from this mysterious document, which states that "MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans." <u>Id.</u> Even assuming that the "MERS Terms and Conditions" are part of a binding document, Plaintiff does not explain how MERS breached these terms

6

by acting in its limited role as beneficiary under the Deed of Trust.  The "MERS Terms and Conditions" also states that "MERS agrees not to assert any rights (other than rights specified in the Governing Documents) . . . ."  Id.  This expansive language, with an equally expansive exception, does little or nothing to support Plaintiff's claim that MERS has exceeded the scope of its rights in a way that has harmed Plaintiff.  Plaintiff simply provides insufficient information to conclude that MERS committed negligence or wrongdoing by violating the "MERS Terms and Conditions" in a way that gives rise to a colorable cause of action by Plaintiff, either in tort or in contract.

**B.  Fraud**

The Court finds that Plaintiff still has not sufficiently pled fraud against MERS with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.  Plaintiff still does not explain how the activity of assigning mortgage loans to a trust pool gives rise to a fraud claim against MERS, particularly given the fact that the Deed of Trust specifically states that it may be "sold one or more times without prior notice to Borrower."  Deed of Trust[4] at 11.

More specifically, the Court notes that Plaintiff does not allege any particular statement made by MERS to Plaintiff that was in fact false or fraudulent.  Plaintiff only states that MERS "misrepresented to Plaintiff on the Deed of Trust that it is a qualified beneficiary with the ability to assign or transfer the

---

[4] The Court previously took judicial notice of the Deed of Trust, which was attached as Exhibit 1 to the Request for Judicial Notice submitted by MERS in support of its first Motion to Dismiss. Docket No. 15.

7

Deed of Trust and/or the Note and/or substitute trustees under the Deed of Trust," and that "it followed the applicable legal requirements to transfer the Note and Deed of Trust to subsequent beneficiaries." SAC ¶ 135. These claims are only "false" if the Court accepts Plaintiff's legal conclusions, that only the one in possession of the note can transfer or enforce the note, or that MERS somehow breached the poorly-explained "MERS Terms and Conditions." As previously discussed, the Court does not accept these conclusions.

The Court also notes that Plaintiff alleges, in passing and without factual allegations sufficient to render the assertion plausible, that MERS executed a Corporate Assignment of Deed of Trust to Plaintiff's first mortgage at an unknown date before it was recorded on February 24, 2009, and then backdated it to August 23, 2007. SAC ¶ 52. Aside from this bare conclusion, there is nothing in the SAC (or the Opposition) to render this allegation of backdating "plausible," rather than merely "conceivable." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009). Plaintiff's pleadings are devoid of facts sufficient to give rise to a reasonable inference the document was backdated. The mere fact that the Corporate Assignment was not recorded until roughly eighteen months after the execution date does not, in itself, give rise to a presumption that the document was backdated, and Plaintiff has pointed to no requirement that the document be recorded within a certain time period after execution. Finally, even assuming that Plaintiff has sufficiently alleged that MERS backdated this document, Plaintiff fails to link this allegation with any particular cause of action, explain how it destroyed the

chain of title or otherwise legally derailed the foreclosure, or describe how she was harmed by it.

### C. California Business & Professions Code § 17200

Plaintiff's final cause of action against MERS is based upon "MERS' negligence, fraud, and illegal foreclosure activities." SAC ¶ 149. The Court has already rejected the allegations of negligence and fraud, and it notes that Plaintiff has failed to allege facts that plausibly connect MERS (which assigned away any rights and interest in the Deed of Trust well before foreclosure) with the illegal foreclosure activities alleged against other Defendants.

Plaintiff further repeats the allegation that MERS was not registered with California's Secretary of State in order to conduct business within the State of California by violating section 191(d)(3) of the California Corporations Code. Id. This section exempts the following activity from the definition of "transacting intrastate business": "The ownership of any loans and the enforcement of any loans by trustee's sale, judicial process or deed in lieu of foreclosure or otherwise." Cal. Corp. Code § 191(d)(3). Plaintiff does not explain precisely what MERS did to exceed the scope of the exceptions set out in section 191 of the California Corporations Code.

### III. CONCLUSION

The Court GRANTS the Motion to Dismiss filed by Aurora Loan Services, which was unopposed by Plaintiff. Aurora Loan Service's Motion to Strike is DENIED as moot.

The Court GRANTS the Motion to Dismiss filed by Mortgage

1  Electronic Registration Systems, Inc., which was not timely opposed
2  by Plaintiff.  Mortgage Electronic Registration Systems, Inc.'s
3  Motion to Strike is DENIED as moot.
4      All causes of action are DISMISSED WITH PREJUDICE as to
5  Defendants Aurora Loan Services and Mortgage Electronic
6  Registration Systems, Inc.
7
8      IT IS SO ORDERED.
9
10     Dated: February 9, 2010           
11                                       UNITED STATES DISTRICT JUDGE

10