United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYISHA BENHAM, | ) Case No. 09-2059 SC |
| | ) |
| Plaintiff, | ) ORDER DISMISSING ACTION |
| v. | ) <u>WITHOUT PREJUDICE</u> |
| | ) |
| AJMAL AKBAR aka JAMAL AKBAR; KEITH HOUSTEAD and DOES 1-20 inclusive, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

On March 4, 2010, this Court ordered Plaintiff to show good cause why this case should not be dismissed for failure to serve the remaining Defendants within the 120-day time limit set out in Rule 4(m) of the Federal Rules of Civil Procedure. Docket No. 61 ("Order to Show Cause"). On March 16, 2010, Plaintiff submitted a Response to the Order to Show Cause. Docket No. 62 ("Response"). The remaining defendants are each individuals who remain in this suit after all causes of action have been dismissed with prejudice as to all of the corporate defendants whom Plaintiff had managed to effectively serve. <u>See</u> Docket No. 59 ("Order Granting Motion to Dismiss").

In the Response, counsel for Plaintiff explains that he performed several checks and searches for Defendant Keith Houstead ("Houstead"), and ultimately found an address. Response at 2. Plaintiff claims that he made "[s]everal attempts to effectute

service" on this Defendant, but does not explain when such attempts were made. Id. More importantly, Plaintiff does not even attempt to explain why service had not been effectuated even though Houstead was named in the original Complaint, filed over ten months ago. A delay of this length cannot be excused simply because Houstead wasn't available on "several" undescribed instances.

Plaintiff also indicates that he had not attempted service on Defendant Ajmal Akbar ("Akbar") until March 16, 2010, the same day that Plaintiff's Response to the Order to Show Cause was due. Id. Akbar was first named in Plaintiff's Second Amended Complaint filed on October 30, 2009, and there can be no excuse for failing to even attempt service until after the 120-day deadline has passed. The Court finds that Plaintiff has failed to show good cause for the delay in service as to both Akbar and Houstead.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, this suit is DISMISSED WITHOUT PREJUDICE as to Keith Houstead and Ajmal Akbar.

IT IS SO ORDERED.

Dated: March 17, 2010

_____
UNITED STATES DISTRICT JUDGE